**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **CAROL A. CANTRELL,** § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. _____ |
| **BRIGGS & VESELKA CO.,** § § | |
| Defendant. § § § | |

**DEFENDANT BRIGGS & VESELKA CO.'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Briggs & Veselka Co., and expressly reserving all other rights to move, plead, or otherwise respond, hereby gives notice that it is removing Cause No. 2012-04331, *Carol A. Cantrell v. Briggs & Veselka Co.*, in the 55th Judicial District Court of Harris County, Texas (the "State Court Action") to the United States District Court for the Southern District of Texas, Houston Division. In support of its notice of removal, Defendant states as follows:

**I.     RELEVANT BACKGROUND**

    **A.     Procedural History**

1. Plaintiff Carol A. Cantrell ("Cantrell") commenced the State Court Action by filing a petition (the "Petition") on January 24, 2012. *See* Exhibit B-1 hereto. Plaintiff has not yet formally effectuated service on Defendant.

2. Removal is timely under 28 U.S.C. §§ 1446(b) because the Petition is the first pleading, motion, order or other paper from which it could first be ascertained that this action is one which is or has become removable.

95438868.1

1

### B. Nature of the Action

3. Plaintiff states she worked as a shareholder for Defendant for over eleven years. Ex. B-1 at ¶ 7. She alleges that she entered into a written merger agreement, employment agreement, and stock redemption agreement with Defendant whereby she "exchanged her CPA firm, worth over $1 million, for a deferred compensation agreement with Defendant if she met a 20-year service requirement." *Id*.

4. The employment agreement Plaintiff entered included a non-competition and non-solicitation provision. *Id*. In addition to a salary, Plaintiff asserts that Defendant agreed to pay her deferred compensation upon meeting the 20-year service requirement and the occurrence of certain events, including her retirement. *Id*. at ¶ 8. The provision precluded "receipt of deferred compensation by employees who are terminated 'with cause.'" *Id*. Plaintiff alleges that the employment agreement "further provided that should Cantrell compete by engaging in the Employer's business *or proposed business* at any time during the ten-year pay out period of her deferred compensation, she would forfeit the entire remaining balance of the deferred compensation amount." *Id*. at ¶ 9.

5. Plaintiff further states that on November 11, 2011, she gave Defendant notice of her retirement, effective January 15, 2012. *Id*. at ¶ 8. Plaintiff alleges that soon after she gave notice of her retirement, Defendant attempted to deprive her of her deferred compensation by removing her as a director of Defendant's board and by terminating her with cause, precluding her from receiving benefits under the employment agreement. *Id*.

6. Plaintiff's Petition contains the following claims for relief: (1) Suit for Declaratory Judgment; (2) Attorney's Fees Pursuant to Section 15.51(c); (3) Breaches of Contract; (4) Quantum Meruit; and (5) Texas Payday Act. *Id*. at ¶¶ 15-28.

## II. GROUNDS FOR REMOVAL

### A. Requirements for Removal

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1441(b). Defendant has not yet been served with the Petition.

8. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the clerk of the state court in which the action is currently pending. Copies of the Notification of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action, is situated here.

10. Briggs & Veselka Co. is the only named defendant in the State Court Action. No additional parties are required to consent to the removal pursuant to 28 U.S.C. §1446(a).

11. Removal to this District Court is proper pursuant to 28 U.S.C. §1441(a) because this District and Division embrace the place where the State Court Action has been pending.

12. A copy of this Notice of Removal will be served on all counsel of record pursuant to 28 U.S.C. §1446(d).

13. No defendant in this action has previously sought any similar relief.

14. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, attached hereto are the following: (1) an index of matters being filed (Exhibit A); (2) the pleadings from the State Court Action (Exhibit B); (3) the online docket sheet from the State Court Action (Exhibit C); (4) a list of all counsel of record, including addresses, telephone numbers and parties represented

(Exhibit D); and (5) a Federal Civil Cover Sheet (Exhibit E).  There were no orders issued in the State Court Action.

**B.      Basis for Removal: Federal Question Jurisdiction**

15.     Removal is proper because Plaintiff's suit involves a federal question, and Plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.S. § 1001 et seq. ("ERISA").  *See* 28 U.S.C. §§ 1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The employment agreement Plaintiff entered with Defendant (the "Agreement") includes a "Top Hat" plan as defined by 29 U.S.C. § 1101(a)(1).  ERISA's preemption provisions, specifically ERISA § 514, 29 U.S.C. § 1144, preempt Texas state laws concerning employee restrictive covenants and non-compete agreements, as they otherwise may apply in this context to the Top Hat plan.  Therefore, ERISA preempts the Texas state laws in relation to the restrictive covenant conditions that apply to the Agreement.  Self-funded ERISA plans like Briggs & Veselka's are exempt from state regulation because they relate to an employee welfare benefit plan.

16.     If a claim can be brought under section 502(a) of ERISA, then the state law action is completely preempted by section 514(a) of ERISA. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990).  Section 502(a)(3) of ERISA provides that "A civil action may be brought . . . by a participant or beneficiary . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." This is precisely what Plaintiff seeks to accomplish.  The damages that Plaintiff seeks to recover pursuant to her claims for relief are the benefits she was due pursuant to the Agreement

95438868.1

4

17.     Accordingly, ERISA preempts the state law claims alleged in Plaintiff's Petition because it provides the exclusive federal remedy for resolution of claims seeking to recover benefits or clarification of future rights under such an employee benefit plan.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (holding that a cause of action filed in a state court which is preempted by ERISA is properly removable to federal court under 28 U.S.C. § 1441 as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the petition's face).

18.     This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.  Defendant further makes note that the employment agreement entered into between the parties provides, in Section 7.5 under "Governing Law," that the agreement "shall be governed by and construed in accordance with the laws of the State of Texas, and [Cantrell] agrees to subject himself to the jurisdiction of the Southern District of Texas."

### C.     Jury Demand

19.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all applicable issues

**WHEREFORE,** Defendant Briggs & Veselka Co. respectfully notifies this Court that the State Court Action is hereby removed to the United States District Court for the Southern District of Texas, Houston Division and requests further relief to which it may be justly entitled.

Dated: January 25, 2012					Respectfully submitted,


							FULBRIGHT & JAWORSKI L.L.P.


							  /s/ M. Carter Crow
							M. Carter Crow
							State Bar No. 05156500
							Federal I.D. No. 15408
							1301 McKinney, Suite 5100
							Houston, Texas  77010
							Telephone:	(713) 651-5151
							Facsimile:	(713) 651-5246

							*Attorney for Defendant Briggs & Veselka Co.*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served on the following counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure on January 25, 2012:

Charles Sturm
Steele Sturm, PLLC
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002

							*/s/ M. Carter Crow*
							M. Carter Crow

95438868.1

6