| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Carol A. Cantrell, §
§
      Plaintiff, §
§
versus §      Civil Action H-12-244
§
Briggs & Veselka Co., §
§
      Defendant. §

## Opinion Denying Remand

1. *Background.*

In December of 2000, Patrick and Carol Cantrell merged their accounting firm with Briggs & Veselka Co. They committed to agreements covering the merger, their employment, and stock. In her agreements, she received five shares of Briggs and agreed to accept deferred compensation. She was due the deferred payment if (a) she retires after working for Briggs for ten years, (b) she becomes disabled while working for Briggs, (c) she dies, or (d) she is fired without cause.

Cantrell and her husband who has a similar arrangement insist that their benefit packages under the contracts are not employee plans that generate federal jurisdiction through the Employee Retirement Income Security Act. They are wrong.

The deferred compensation scheme requires calculations. The amount she receives is equal to four times her average compensation and an additional percentage. That amount must be paid over forty quarters in equal disbursements, except that each payment cannot be more than twenty-five percent of Briggs's net profit for that quarter. The amounts that exceed the limit are added to future payments.

She forfeits the deferred compensation if she violates her employment agreement, including provisions for non-solicitation, non-disclosure and non-competition. She also loses the money if she is fired for cause.

In November of 2011, she told Briggs that she was retiring in January of 2012. Soon after, Briggs believed that she was soliciting and doing work for its clients that

violated the employment agreement. When it complained to her about this, she moved her resignation date forward. In response, Briggs rejected her resignation, removed her from the board of directors, fired her for cause, and told her that she forfeited the deferred compensation. She then sued it, saying that the covenants were unenforceable and that it was unlawfully withholding the deferred compensation. Briggs removed the case from state court on the basis that the deferred compensation scheme was a plan covered by ERISA.

2.   *The Plan.*

The accounting firm has a plan covered by the Employment Retirement Income Security Act.[1] For its upper-level workers, Briggs & Veselka Co. has a plan for deferred benefits as well as current ones. The firm has a scheme – a design, pattern, or system – for worker benefits.

Although single-member plans are permissible, this scheme was used, with variations, for 19 people, and it was reported to the Department of Labor as one. Under many plans, workers have options to tailor the particular benefits to their needs making them individualized if not individual.

Next, Cantrell says that the scheme is not a plan because Briggs has no administrative duties or discretion. A plan that simply offered a fully-insured death benefit to its workers would be a covered plan, and it would require the company simply to pay the premium.

Under the Briggs plan, Cantrell may be due her particular percentage of the firm's net revenue. The covered worker may well questions and dispute the allocation of expenses, rates of depreciation, and other accounting questions that would materially affect the net revenue. Also, under part of the plan, one quarter's underpayment is to be recovered in the next quarter with available funds. The scheme requires Briggs to exercise its discretion.

It allows Briggs to exercise discretion because disputes about the calculation and amount of payments would require an administrative determination. Briggs also must decide if work by a former employee violates the agreement. Obviously, the termination clauses are potential grounds for significant dispute, as is happening here. Patrick

---

[1] 29 U.S.C. § 1002 (2012).

Cantrell is currently litigating Briggs's decision that he was an accessory in his wife's misconduct at the firm and on leaving it.

Cantrell says that this scheme in a single contract with a single employee cannot be a plan because it was meant to be consideration for the sale of her accounting business and rather than benefit her as a worker. She was free to negotiate the sale of her business so that all of the proceeds funded an employee plan or that none did. He motivation for using deferred compensation is wholly unimportant; her choice years ago in writing matters. Presumably, she was looking at the tax advantages of the plan; she got what she wanted and may not reconstitute the deal.

Cantrell has handed up a case that she says plans need administrative burdens and complex calculations. That case says that federal law does not preempt a state statute that requires severance payments when a plant closes.[2] Maine adopted a law that required severance pay based on a week's pay for each year the worker had been with the company. Writing for the Court, Justice Brennan announced the holding in a few words. "ERISA's pre-emption provision does not refer to state laws relating to 'employee benefits,' but to state laws relating to 'employee benefit *plans*.'"[3]

The state law did not require employers to have a plan, did not manage plans, and did not stop an employer from creating a plan. The employer had no plan; he was forced to pay severance. The case stands for the simple proposition that ERISA does not preempt state welfare laws that apply generally. States have workers compensation, unemployment insurance, and many other laws that structure the use of workers without one of them being an intrusion into employer-sponsored plans.

3. *Conclusion.*

Without the protection from varying state laws, even employee benefit plans like this one would no longer be practical. If every aspect of a plan is available as a target of contract, regulatory, and especially tort laws, they will disappear. Preemption moves money from the waste of baseless litigation into the pockets of workers – its purpose.

---

[2] *Fort Halifax Packing Co., Inc., v. Coyne*, 482 U.S. 1, 7 (1987).

[3] *Id.*

Briggs & Veselka Co. has a policy of deferred payments to its management. This policy requires Briggs to pay more than a one-time, lump-sum, fixed amount – much less one dictated by a statute. It has a continuing obligation with discretion. This scheme is an employee benefit plan covered by ERISA. Carol A. Cantrell and W. Patrick Cantrell's motions to remand will be denied.

Signed on April 3, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge